UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-11923 PA (RAOx) | Date | December 19, 2025 |
|---|---|---|---|
| Title | Mel Bruschi v. Wilmington Community Clinic | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  None

Attorneys Present for Defendants:  None

**Proceedings:**   IN CHAMBERS—COURT ORDER

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  This Court has a continuing obligation to assess its subject matter jurisdiction, and may consider the issue sua sponte at any stage of the proceedings.  See, e.g., Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004).

Here, plaintiff Mel Bruschi ("Plaintiff") alleges jurisdiction exists based on diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA").  See 28 U.S.C. § 1332(d)(2).  To establish diversity jurisdiction pursuant to CAFA, Plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  To establish citizenship for diversity purposes, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

Under the terms of CAFA, "[a] district court shall decline to exercise jurisdiction under [28 U.S.C. § 1332(d)(2) if] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  Additionally, a district court may decline to exercise jurisdiction over a CAFA class action "in the interests of justice and looking at the totality of the circumstances," when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ."  28 U.S.C. § 1332(d)(3).  In determining if the Court should decline to exercise CAFA jurisdiction in such instances, the Court should consider several

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-11923 PA (RAOx) | Date | December 19, 2025 |
|---|---|---|---|
| Title | Mel Bruschi v. Wilmington Community Clinic | | |

factors, including whether: (A) "the claims asserted involve matters of national or interstate interest"; (B) "the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States"; (C) the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction"; (D) "the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants"; (E) "the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States"; and (F) "during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." 28 U.S.C. § 1332(d)(3)(A)-(F).

Plaintiff's Complaint alleges that defendant Wilmington Community Clinic ("Defendant") "is a corporation with its principal place of business located . . . [in] Wilmington, California . . . ." (Compl. ¶ 13.) Plaintiff alleges that she "is and was, at all time material hereto, a resident and citizen of San Pedro, California, where she intends to remain." (Id. ¶ 12.) In addition, the Complaint alleges, upon information and belief, that "the Class is comprised of thousands of members, many of whom reside outside the state of California and have different citizenship from Defendant. Thus, minimal diversity exists under 28 U.S.C. §1332(d)(2)(A)." (Id. ¶ 14.)

Because Plaintiff's Complaint alleges that both Plaintiff and Defendant are citizens of California, and that Defendant is a "community clinic" that "operates two medical facilities in California," and given the fact that most individuals receive healthcare near where they are domiciled, it appears that most potential class members will be California citizens and CAFA's local controversy exceptions may apply. The Court therefore orders Plaintiff to show cause in writing why this action should not be dismissed without prejudice pursuant to 28 U.S.C. § 1332(d)(4), because Defendant and more than two-thirds of the class of plaintiffs are citizens of the same State in which the action was originally filed. Plaintiff is additionally ordered to show cause in writing why the Court should not exercise its discretion, pursuant to 28 U.S.C. § 1332(d)(3), to decline to exercise jurisdiction over this matter because Defendant and more than one-third but less than two-thirds of the class of plaintiffs are citizens of the same State in which the action was originally filed. Plaintiff's response to this order to show cause shall be filed by no later than January 5, 2026. Plaintiff is ordered to personally serve a copy of this Order on Defendant within three (3) days of the date of this Order if Defendant has already been served with the Summons and Complaint or at the time of service of the Summons and Complaint if Defendant has not already been served.

IT IS SO ORDERED.